IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK MCLOUGHLIN, | No. 4:22-CV-00993 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| R. THOMPSON, | |
| Respondent. | |

## MEMORANDUM OPINION

AUGUST 26, 2022

Petitioner Mark McLoughlin, an inmate confined at the Low Security Correctional Institution, Allenwood in White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to order the federal Bureau of Prisons (BOP) to apply time credits earned pursuant to the First Step Act (FSA) toward early release to a Residential Reentry Center (RRC) or home confinement. For the following reasons, the Court must dismiss McLoughlin's petition.

I. **BACKGROUND**

McLoughlin is currently serving a 24-month sentence imposed by the United States District Court for the Northern District of New York for a supervised release violation.[1] His current projected release date, according to BOP officials and via

---

[1] Doc. 7-1 ¶ 3.

application of good-conduct time, is June 28, 2023.[2]  It is undisputed that, following the current revocation-of-supervised-release sentence, McLoughlin is not subject to further supervised release.[3]  According to BOP records, his home detention eligibility date is April 17, 2023.[4]

McLoughlin contends that he is statutorily FSA-eligible but is being improperly denied application of FSA time credits due to the BOP's determination that he is not suitable for placement in an RRC.[5]  He asks the Court to order the BOP to apply FSA time credits and count them toward RRC placement or home confinement.

## II. DISCUSSION

Respondent maintains that McLoughlin's petition fails for two reasons. Respondent first asserts that McLoughlin has failed to exhaust his administrative remedies.  Respondent also contends that, even if McLoughlin had exhausted his claims, his Section 2241 petition is meritless.  The Court need only, and indeed can only, address Respondent's first argument.

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has

---

[2]  *Id.*; Doc. 1-1 at 3.
[3]  *See* Doc. 1 at 7; Doc. 7 at 8.
[4]  Doc. 1-1 at 3.
[5]  Doc. 1 at 2, 6-7.

consistently held that exhaustion applies to such claims.[6] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[7]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[8] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[9] Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[11] Exhaustion is likewise excused when it would be futile.[12]

---

[6] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[7] *Moscato*, 98 F.3d at 761-62 (citations omitted).
[8] *See generally* 28 C.F.R. §§ 542.10-.19.
[9] *See id.* §§ 542.13-.15.
[10] *See Moscato*, 98 F.3d at 761.
[11] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[12] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

McLoughlin concedes that he did not attempt to exhaust his administrative remedies.[13] In his petition, he bluntly states that "[t]he administrative process takes to[o] long."[14] Appearing to realize that such a flippant argument would not excuse exhaustion, he contends in his traverse that his Section 2241 petition deals with statutory construction only, so exhaustion should be excused.[15]

McLoughlin argues that, because 18 U.S.C. § 3632(d)(4)(C) states that FSA time credits earned by eligible prisoners "*shall* be applied toward time in prerelease custody or supervised release,"[16] the BOP's refusal to apply his FSA time credits to some form of prerelease custody is contrary to the law. McLoughlin contends that the BOP is utilizing the permissive "may" language found in 28 C.F.R. § 523.44 to deny him his FSA time credits, rather than abiding by the mandatory "shall" language used by Congress in Section 3632(d)(4)(C).[17] McLoughlin, however, does not explain or establish where the BOP has asserted this argument or why he believes this is the BOP's position. McLoughlin's claim, moreover, is not ripe for adjudication because he has failed to exhaust his administrative remedies.

The FSA allows eligible inmates who successfully complete "Evidence Based Recidivism Reduction" (EBRR) programs or "Productive Activities" (PAs)

---

[13] Doc. 1 at 3.
[14] *Id.*
[15] Doc. 8 at 3-5.
[16] 18 U.S.C. § 3632(d)(4)(C) (emphasis added).
[17] *See* Doc. 8 at 3-5.

4

to receive time credits to be applied toward time in prerelease custody or supervised release.[18]  An inmate can earn 10 days of credit for every 30 days of successful participation.[19]  Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn 5 additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation.[20]

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits.[21]  If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g).  Among other requirements, to be eligible for application of earned time credits, a prisoner must (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and (4) as pertains to prerelease custody, have been determined under "the System" to be a minimum or low risk to recidivate pursuant

---

[18] *See* 18 U.S.C. § 3632(d)(4)(A), (C).
[19] *See id.* § 3632(d)(4)(A)(i).
[20] *See id.* § 3632(d)(4)(A)(ii).
[21] *See id.* § 3632(d)(4)(D).

5

to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison.[22]

Respondent does not claim that McLoughlin is serving a sentence for a disqualifying conviction listed under Section 3632(d)(4)(D). Instead, Respondent maintains that, because "BOP staff have found him ineligible for RRC placement . . . due to his history of multiple violations while on supervised release," and because he has no following term of supervised release, McLoughlin "will not be eligible to apply his FSA" time credits.[23]

The Court finds Respondent's argument incomplete. It is true that Respondent—Warden R. Thompson—denied McLoughlin RRC placement in February 2022.[24] But Respondent does not discuss the fact that the FSA identifies two types of prerelease custody: placement in an RRC and home confinement.[25] Nor does Respondent address McLoughlin's argument that the BOP cannot override the FSA's mandatory language regarding application of time credits to eligible inmates.[26] Respondent also does not address whether McLoughlin meets the other prerequisites for FSA eligibility—for example, whether he has been

---

[22] *See id.* § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).
[23] Doc. 7 at 9-10.
[24] *See* Doc. 7-1 at 14-15.
[25] *See* 18 U.S.C. § 3624(g)(2).
[26] The Court is cognizant that McLoughlin first raised this argument in his traverse (or reply brief). However, Respondent did not move for leave to file a surreply or otherwise respond to this argument in any way.

assessed as having a "minimum or low recidivism risk."[27]

More important, however, is the unavoidable fact that McLoughlin has not pursued administrative remedies through the BOP. For example, McLoughlin does not state whether he has petitioned the BOP to be considered for early release to home detention under the FSA. He has also admitted that he has not formally grieved (let alone appealed to the Regional Director or the General Counsel) the denial of RRC placement or the fact that his "FSA Eligibility Status" was changed from "eligible" in February 2022 to "ineligible" in May 2022 (presumably because of the denial of RRC placement).[28] These issues must be exhausted through the administrative system, giving the BOP the opportunity to develop a factual record, apply its FSA time credit expertise, and possibly correct any errors it has made in McLoughlin's case.[29]

McLoughlin's FSA claim, therefore, involves more than just statutory construction. Consequently, he cannot skip the exhaustion requirements and come directly to federal court. And because he has failed to exhaust his administrative remedies with the BOP and no exception to exhaustion applies, the Court must

---

[27] *Id.* § 3624(g)(1)(B); 28 C.F.R. § 523.44(b)(2).
[28] *See* Doc. 1-1 at 3-5. McLoughlin attempted informal resolution, the first step in the BOP's administrative process. *See id.* at 6-8. In the final informal BOP correspondence to McLoughlin included in the record, it states that "in order to receive [time credits] you have to have supervision following your sentence which you do not. So if you don't have supervised release, you don't qualify for credit." *Id.* at 8. This response, which appears to be either incomplete or contradicted by the FSA and its regulations, should have been addressed in a formal written Administrative Remedy Request to the Warden. *See* 28 C.F.R. § 542.14(a).
[29] *Moscato*, 98 F.3d at 761-62.

dismiss his Section 2241 petition.[30]

## III.  CONCLUSION

Because McLoughlin has failed to exhaust his administrative remedies with the BOP, the Court must dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[30]  *See id.* at 762.